95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward FLEMING, Defendant-Appellant.
 No. 95-56173.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Edward Fleming appeals the district court's denial of his 28 U.S.C. § 2255 motion. Fleming contends that the district court erred by denying his § 2255 motion and his request for an evidentiary hearing. We have jurisdiction under 28 U.S.C. §§ 1291, 2255 and we review de novo. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 Fleming contends that he received ineffective assistance of counsel due to his trial counsel's failure to raise the issue of whether the methamphetamine related to his conviction was D-methamphetamine or L-methamphetamine. We disagree.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. It is the government's burden to present evidence sufficient for the district court to find that the drug involved was D-methamphetamine. See United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995).
 
 
 5
 Here, in response to Fleming's § 2255 motion, the government submitted the affidavit of a forensic scientist stating that the methamphetamine involved in Fleming's conviction consisted of 372 grams of D-methamphetamine. Fleming submitted no evidence that the methamphetamine was not D-methamphetamine. Therefore, even assuming trial counsel's performance was deficient, Fleming fails to satisfy the prejudice requirement. See Strickland, 466 U.S. at 687-88. Because Fleming fails to satisfy the prejudice requirement, we need not determine whether trial counsel's performance was deficient. See id. Furthermore, inasmuch as Fleming fails to demonstrate prejudice, the district court did not err by denying Fleming's request for an evidentiary hearing. See Rule 4(b), Rules Governing Section 2255 Proceedings, , 28 U.S.C. foll. § 2255.[1]
 
 
 6
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fleming contends for the first time in his reply brief that the government failed to demonstrate the actual weight of the methamphetamine. Although we need not address such claim here, we note that the affidavit submitted by the government indicated that the methamphetamine contained 372 grams of D-methamphetamine